United States District Court
Southern District of Texas
**ENTERED**
October 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAKOTA PIETSCH, § | |
|     Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-01584 |
| § | |
| FMC TECHNOLOGIES, INC., § | |
|     Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant FMC Technologies, Inc.'s Motion for Summary Judgment. (Dkt. 17). Having reviewed the motion, response, reply, entire record, and applicable law, the motion is **GRANTED.**

### I.  FACTUAL BACKGROUND

During the COVID-19 pandemic, FMC Technologies, Inc. ("FMC") issued a policy requiring its employees to receive the COVID-19 vaccine. (Dkt. 24 at p. 3). In response, Dakota Pietsch ("Pietsch")—working at the time as a Subsea Technical Services Personnel for FMC—requested a medical exemption from the mandatory vaccine for a heart condition. *Id*.; (Dkt. 1 at p. 2). Pietsch suffers from mitral valve prolapse, a disease that affects "the valve between the left heart chambers." (*Id*. at p. 9). After Pietsch's cardiologist "couldn't really give [] [him] an answer" as to whether Pietsch should take the COVID-19 vaccine, Pietsch consulted Dr. Mary Bowden—an

ear, nose, and throat doctor who is a self-proclaimed "expert in…assessing the risks/benefit profile of the Covid shots." (*Id*. at p. 7); *see* (Dkt. 24-5 at p. 40).

Per Dr. Bowden's advice, Pietsch sought an exemption from the vaccine mandate, and FMC granted his accommodation. (Dkt. 24 at p. 7). However, Pietsch alleges that FMC then placed him on leave with minimum pay because his position required vaccination. (Dkt. 1 at p. 2). Pietsch further alleges that FMC offered him a different position; however, Pietsch was "neither qualified nor had he received any prior training for" the position. *Id*. As a result, Pietsch refused the offer and was ultimately "forced to resign from his employment with [FMC] due to the significant reduction in take-home pay." (*Id*. at p. 3).

Pietsch subsequently brought this action against FMC, alleging disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112(a). *Id*. FMC then filed a motion for summary judgment, to which Pietsch timely responded. (Dkt. 17); (Dkt. 24).

## II.   LEGAL STANDARD AND APPLICABLE LAW

### A.   Federal Rule of Civil Procedure 56

Rule 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). To survive summary judgment, the nonmovant must "present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015).

The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, the Court must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

**B.     The Americans with Disabilities Act**

The Americans with Disabilities Act ("ADA") prohibits covered employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case under the ADA, Pietsch must

demonstrate "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participating in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Melton v. Dallas Area Rapid Transit*, 391 F.3d 699, 671-72 (5th Cir. 2004).

### III.  ANALYSIS

The Court finds there is no genuine issue as to whether Pietsch qualifies as a disabled individual under the ADA because his inability to receive the COVID-19 vaccine does not satisfy the statute's requirement of a substantially limited major life activity. Accordingly, the Court grants FMC's motion for summary judgment.

As a threshold matter, Pietsch must be a "qualified individual within the meaning of the ADA" to demonstrate a prima facia case under the statute. *Melton v. Dallas Area Rapid Transit*, 319 F.3d 669, 671 (5th Cir. 2004). "A qualifying disability under the ADA is either (1) 'a physical or mental impairment that substantially limits one or more of the major life activities of the individual'; (2) 'a record of such an impairment'; or (3) 'being regarded as having such an impairment.'" *Epley v. Gonzalez*, 860 Fed. Appx. 310, 313 (5th Cir. 2021) (quoting 42 U.S.C. § 12102(1)). "We assess whether a plaintiff had a disability at 'the time of the adverse employment action.'" *Dabbasi v. Motiva*

*Enterprises, L.L.C.*, 107 F.4th 500, 508 (5th Cir. 2024) (quoting *Jennings v. Towers Watson*, 11 F.4th 335, 344 (5th Cir. 2021)).

### A.     Impairment that Substantially Limits Major Life Activities

An individual may demonstrate a qualifying disability under the ADA by proving the existence of "a physical or mental impairment that substantially limits one or more of the major life activities of the individual." 42 U.S.C. § 12102(1)(a). While the ADA does not expand on the meaning of "substantially limits," regulations emphasize that "this phrase must be broadly construed." *Epley*, 860 Fed. Appx. at 313 (citing 28 C.F.R. § 35.108(d)(1)). "The substantiality of a limitation is analyzed with regard to: (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact." *Arthur v. BNSF Ry. Co.*, 697 Fed. Appx. 826, 828–29 (5th Cir. 2017) (quoting *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 614 (5th Cir. 2001)). The ADA considers actions including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, … and working" to be major life activities. 42 U.S.C. § 12102(2)(a).

The Fifth Circuit recently held that individuals with preexisting health conditions which prevent them "from safely receiving the COVID-19 vaccine, which in turn prevents them from working the class of jobs that mandates those vaccines" do not qualify as disabled under the ADA. *Hughes v. Terminix Pest Control, Inc.*, 2024 WL

3440465, at *1 (5th Cir. July 17, 2024). As the court found in *Hughes*, such "alleged indirect limitations on a major life activity" are "too attenuated" to support a finding of disability under the ADA. *Id*.

Here, Pietsch alleges that he is disabled within the meaning of the ADA because his mitral valve prolapse has substantially limited the major life activity of working for "any employer that requires its employees to receive the COVID shot." (Dkt. 24 at p. 10). However, like the plaintiff in *Hughes*, Pietsch does not allege that any activity other than "working" is impaired by his mitral valve prolapse. The Court finds that in the absence of such allegations Pietsch's alleged limitation on his ability to work for certain employers who require COVID vaccination is "too attenuated" to support a finding of disability under the ADA. *See* Hughes 2024 WL 3440465, at *1.

**B.    Record of Such an Impairment**

Under the ADA, a record of an impairment that substantially limits one or more of the major life activities of the individual may prove that the individual has a qualifying disability. 42 U.S.C. § 12102(1)(b). The requisite record exists where "the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." *Hacker v. Cain*, 759 Fed. Appx. 212, 218 (5th Cir. 2018) (quoting 28 C.F.R. § 35.108).

Here, Pietsch argues that—by granting Pietsch's request to be exempt from the mandatory COVID-19 vaccine—FMC has admitted "through its actions that Mr.

Pietsch suffered from a disability under the ADA." (Dkt. 24 at p. 7). However, while FMC created a record of Pietsch's heart impairment by granting his accommodation, FMC did not create a record of said impairment substantially limiting one of Pietsch's major life activities. The records at issue simply reflect that Pietsch is unable to receive the COVID-19 vaccine—a limitation that the Fifth Circuit does not regard as satisfying the requirements of a disability under the ADA. *Hughes*, 2024 WL 3440465, at *1. Accordingly, Pietsch's medical exemption as it relates to his heart condition is not sufficient to prove disability under the ADA.

C.   **Being Regarded as Having Such an Impairment**

An individual who is regarded as having a mental or physical impairment that substantially limits one or more of their major life activities qualifies as disabled under the ADA. 42 U.S.C. § 12102(1)(c). A person is "regarded as having an impairment if he '[h]as none of the impairments…but is treated by a covered entity as having a substantially limiting impairment.'" *Tabatchnik v. Cont'l Airlines*, 262 Fed. Appx. 674, 675 (5th Cir. 2008) (quoting 29 C.F.R. § 1630.2(l)).

Pietsch fails to demonstrate that FMC treated him as having such an impairment. Indeed, Pietsch has only alleged that FMC treated him as an individual who could not receive the COVID-19 vaccine due to his mitral valve prolapse. Again, as the Fifth Circuit affirmed in *Hughes,* the inability to get the COVID-19 vaccine in this context is not a disability. *Hughes*, 2024 WL 3440465, at *1. Accordingly, the Court finds that

Pietsch has failed to demonstrate how FMC treated him as having a substantially limiting impairment.

### III.   CONCLUSION

Pietsch cannot demonstrate that he has a physical or mental impairment that substantially limits one of his major life activities, has a record of such an impairment, or has been regarded as having such an impairment. As such, Pietsch cannot satisfy the threshold requirement of qualifying as disabled under the ADA. Accordingly, for the reasons stated above, FMC Technologies, Inc.'s Motion for Summary Judgment (Dkt. 17) is **GRANTED**. It is hereby **ORDERED** that this case is dismissed with prejudice.

SIGNED at Houston, Texas on October 15, 2024.

_____<br>
GEORGE C. HANKS, JR.<br>
UNITED STATES DISTRICT JUDGE